FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Clarence Joseph Jason, #111163
Print the full name (first - middle - last) and
prisoner number of the plaintiff in this action.

versus

James LeBlanc, Secretary, La. Dept.
of Correction; Robert Tanner, Warden,
Rayburn Correction Center; Shane Ladner,
Lt.; Bradley Pierce, Sgt; "John Doe",
Correction Officer, Rayburn Correction
Center
Print the full name of all defendants in
this action.
**DO NOT WRITE et al.**

CIVIL ACTION

NO. 15 - 607

SECTION SECT. E MAG. 5

TENDERED FOR FILING

FEB 1 8 2015

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

COMPLAINT

I.   Previous Lawsuits

   A.   Have you begun other lawsuits in state or federal court dealing with the same
        facts involved in this action or otherwise relating to your imprisonment?
        Yes ( )  No (✘)

___ Fee Dauple
___ Process ___
_x_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

B.    If your answer to A is "yes", describe the lawsuit in the space below.  (If there
is more than one lawsuit, describe the additional lawsuits on another piece of
paper, using the same outline.)

1.    Parties to the previous lawsuit

Plaintiffs    _____

_____

Defendants    _____

_____

2.    Court (If federal court, name of the district court; if state court, name
the parish.)

_____

3.    Docket Number _____

4.    Name of judge to whom case was assigned _____

_____

5.    Disposition (For example: Was this case dismissed?  Was it appealed?  Is
it still pending?)

_____

6.    Approximate date of filing lawsuit _____

7.    Approximate date of disposition _____

C.    Have you had any previously filed federal lawsuits or appeals, whether or not
related to the issues raised in this complaint, which have been dismissed as
frivolous, malicious, or for failure to state a claim for which relief can be
granted by any federal court?
Yes ( )  No (x)

If your answer is "yes", list the civil action numbers and the disposition of each
case.  You also must identify in which federal district or appellate court the
action was brought.

_____

_____

_____

2

II.     PLACE OF PRESENT CONFINEMENT: Dixon Correction Institute

A.     Is there a prisoner grievance procedure in this institution?
Yes (x)  No ( )

B.     Did you present the facts relating to this complaint in the prisoner grievance
procedure? Yes (x) No ( )

C.     If your answer is "yes",

1.     Attach a copy of all administrative complaints you have filed regarding
the claims raised in this lawsuit and copies of all prison responses. If
copies are not available, list the number assigned to the complaint(s)
and approximate date it was presented to the prison. _____

_____ Please see attached documents. _____

2.     As to each grievance compliant provided or listed above, have you
exhausted or completed all steps in the procedure, including appeals?
_____ Yes _____

D.     If your answer is NO, explain why you have not done so: _____

_____

_____

_____

III. Parties

(In item A below, complete the following information.  Do the same for additional
plaintiffs, if any.)

A.     Full Name of Plaintiff
(First · Middle · Last) Clarence Joseph Jason _____

Prisoner Number _ #111163 _____

Address Dixon Correction Institute, P.O. Box #788, Jackson, La

Date of Birth 1/10/67 _____ 70748

Date of Arrest 1/22/2009 _____

Date of Conviction _ 1/5/2010 _____

3

IMPORTANT: In the space provided below, place the full name of each defendant named in the caption, his or her official position, place of employment, and service address.  If you have sued more than one defendant, provide this same information for every defendant you have named. Please attach an additional sheet, if necessary. **The parties listed below must be exactly the same as those listed in your caption.**

B.    Defendant James LeBlanc is employed as Secretary
       at La. Dept. of Correction
       Address for service: 504 Mayflower St, Baton Rouge, La. 70802

C.    Defendant Robert Tanner is employed as Warden
       at Rayburn Correction Center
       Address for service: 27268 Hwy-21, Angie, La. 70426

D.    Defendant Shane Ladner is employed as Lt.
       at Rayburn Correction Center
       Address for service: 27268 Hwy-21, Angie, La.  70426

E.    Defendant Bradley Pierce is employed as Sgt.
       at Rayburn Correction Center
       Address for service: 27268 Hwy-21, Angie, La.  70426

F.    Defendant "John Doe" is employed as Correctional Officer
       at Rayburn Correction Center
       Address for service: 27268 Hwy-21, Angie, La.  70426

G.    Defendant _____ is employed as _____
       at _____
       Address for service: _____

4

IV.     Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant
is involved. Include also the names of other persons involved, dates, and places. Do
not give any legal arguments or cite any cases or statutes. If you intend to allege a
number of related claims, number and set forth each claim in a separate paragraph.
Use as much space as you need. Attach extra sheet if necessary.)

"PLEASE SEE ATTACHED "COMPLAINT" ".

_____

_____

_____

_____

_____

_____

_____

_____

_____

V.      Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments.
Cite no cases or statutes.)

"PLEASE SEE ATTACHED "COMPLAINT" for RELIEF".

_____

_____

_____

_____

_____

_____

_____

_____

_____

5

## VI. Plaintiff's Declaration

1) I declare under penalty of perjury that all facts represented in this complaint and any attachments hereto are true and correct.

2) I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

3) I understand that I am prohibited from bringing a civil action in forma pauperis if I have brought three or more civil actions in a court of the United States while incarcerated or detained in any facility that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

4) I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire $350 filing fee and any costs assessed by the Court, which shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

Signed this ___12th___ day of ___February_____, 20 _15_.


_____
(Signature of Plaintiff)

04/2006

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CLARENCE JASON, PLAINTIFF                          COMPLAINT

VERSUS

JAMES M. LEBLANC, SECRETARY                        CIVIL ACTION
LA. DEPT. OF CORRECTION:                           NO. _____
ROBERT TANNER, WARDEN, SHANE LADNER,
LT.: BRADLEY PIERCE, SGT.; "JOHN DOE,"
CORRECTION OFFICER. DEFENANTS

### JURISDICTION AND VENUE

(A)    This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 1331 and punitive relief pursuant to 28 U.S.C. Section 1343(a)(3), and compensatory relief.

(B)    The United States District Court, Eastern District of Louisiana, is an appropriate venue under 28 U.S.C. Section 1391 (b) (2) because it is where the events giving rise to this claim occurred.

### PLAINTIFF

Plaintiff, Clarence Jason, is and was at all times mentioned herein or prisoner of the State of Louisiana in the custody of Louisiana Department of Public Safety & Correction. He is currently confined in Dixon Correction Institute, in Jackson, Louisiana.

## DEFENDANTS

(1)  . Defendant, James M. Leblanc, is the secretary of the State of Louisiana Dept. of Corrections. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Rayburn Correctional Center.

(2)    Defendant, Robert Tanner, Warden, Rayburn Correction Center. He is legally responsible for the operation of Rayburn Correctional Center and for the welfare of all the inmates in that prison.

      The defendant, Robert Tanner, Warden, has since been re-assigned duty of Warden at Elayn Hunt Correctional Center.

(3)    Defendant, Shane Ladner, Lt., is employed at Rayburn Correction Center. He was assigned duty of yard supervisor on Wind-Unit housing.

(4)    Defendant, Bradley Pierce, Sgt., is employed at Rayburn Correctional Center. He was assigned duty of "key officer" on Wind-Unit housing.

(5)    Defendant, "John Doe," a Correctional Officer, is employed at Rayburn Correctional Center. He/she was assigned duty to monitor "security cameras" on Wind-Unit housing yard.

(6)    Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## FACTS

### (1)

      The plaintiff contends that the defendants violated his federal constitutional rights in accordance with both the Eighth Amendment and Fourteenth Amendment of the U.S. Constitution stemming from such actions involving: (a) unsafe "practice" detrimental to

plaintiff's health and safety; (b) "inadequate safety policy"; (c) failure to protect from violence at the hands of another inmate; and (d) dereliction of duty.

(2)

On August 27, 2014, the plaintiff was housed at Rayburn Correctional Center, an entity of the Louisiana Department of Corrections, a near maximum security institution housing "high-level" security prisoners serving extremely lengthy prison sentences as well as "lifer's" following conviction for, inter alia, violent crimes.

(3)

At approximately 7:15 a.m. o'clock, the defendants, Bradley Pierce, Sgt., and Shane Ladner, Lt. "indiscriminately" issued 'swing blades' to several prisoners on the housing unit yard without prison-security personnel supervision or monitoring of inmates use of swing blades.

A 'swing blade' is composed of a flat metal-plate approximate 2 or 3 inches thick and a 'foot-long' sharpen on its sides with metal arm-fixture affixed to a solid wooden stick approximately 3ft. long and instrument weighing approximately 7 to 8 pounds.

(4)

The defendant, Robert Tanner, Warden, and James M. Leblanc, Secretary, approved of the "practice" in relation with the "indiscriminate" issuance of a 'swing blade' to inmates on prison housing-unit yard without supervision or monitoring of inmates use of 'swing blade' by prison-security personal.

(5)

At approximately 8:20 a.m. the plaintiff engaged into a boisterous hostile "verbal confrontation" with inmate Victor Cooper on the prison housing-unit yard.

(6)

Inmate Victor Cooper momentarily left from the area in which the plaintiff was standing on the prison housing-unit yard.

(7)

Inmate Victor Cooper returned to the area in which the plaintiff was standing armed with a 'swing blade' for which inmate Victor Cooper retrieved from the housing-unit yard "that was left unattended".

(8)

Inmate Victor Cooper attacked the plaintiff from behind with 'swing blade' striking the plaintiff in the back of the head with 'swing blade' knocking plaintiff unconscious and causing severe head trauma.

(9)

Inmate Victor Cooper continued to strike the plaintiff in the back of the head with 'swing blade' while plaintiff was on ground.

(10)

Inmate Victor Cooper exacted physical-beating of the plaintiff with 'swing blade' once beating the plaintiff in the back until 'swing blade' stick broke into several pieces.

(11)

Inmate Victor Cooper continued his assault upon the plaintiff beating plaintiff in the head, back and hand with stick from broken 'swing blade'.

(12)

There was "No" prison-personnel present on the housing-unit yard during act of violent assault.

(13)

There was "No" prison-personnel that came to the plaintiff's aid or intervene before or during the assault beating.

(14)

The defendant, "John Doe", correctional officer, assigned duty to monitor and observe inmate activity on prison housing-unit yard failed to make 'proper' notification of incident with which to alert prison officials of violent assault beating on the prison housing-unit yard.

(15)

The defendant, Shane Ladner, Lt., made discovery of assault on prison housing-unit yard following the making of "rounds" on prison housing-unit yard and observing 'a large amount of blood on the ground, blood on the wall of Wind-Unit 4, and blood on ping-pong table.

(16)

The plaintiff had to be emergency transported to an outside medical facility (Our Lady of Angels Hospital) for medical treatment.

(17)

The plaintiff sustained 'serious' head injuries that required the insertion of seventeen-staples to the head wound.

(18)

The plaintiff sustained numerous cuts and lacerations to his back.

(19)

The plaintiff sustained injury to his left hand as a direct result of beating with stick.

(20)

The plaintiff sustained various injuries from assault-beating for which has affected the plaintiff health as described infra: (a) Head injuries; frequent head pains; blurry vision; dizziness; nerve damage; and permanent scarring: (b) Back injuries; upper and lower back pain; lower back stiffness; and pinched nerve in shoulder area. (c) Hand injuries; damage bone and ligament; frequent soreness and pain.

(21)

The defendants actions demonstrate a "deliberate indifference" to the plaintiff's health and safety via its "deliberate" and "conscious" decision with regard to its "practice" involving the "indiscriminate" issuance of swing blades to inmates on housing-unit yard without supervision or monitoring inmates use of swing blade in an environment where constant physical violence are rampant and such activity was known to the defendants.

(22)

Where a constant presence of physical-violence on Wind-Unit housing yard, the defendant ignored or disregarded an "obvious" and "pervasive risk" for which defendants "deliberate" and "conscious" decision in issuing swing blades to inmates on housing-units yard under its "practice" in which consequences of 'swing blade' being used as a weapon and the infliction of serious bodily harm resulting caused the violation of a third-party's [plaintiff] federal constitutional rights.

(23)

The "safety policy" employed by the defendants were inadequate and demonstrated a "deliberate indifference" to the plaintiff's health and safety for which the violent assault committed upon the plaintiff clearly violated plaintiff's federal constitutional rights.

(24)

The defendant 'failure to provide reasonable measure of protection' to the plaintiff 'from violence at the hands of another inmate', in which, the plaintiff's Eighth Amendment federal constitutional right was violated as a direct result of plaintiff being subjected 'to the infliction of cruel and unusual punishment'.

(25)

The defendants 'dereliction-of-duty' in 'failing to make "reasonable response" in assault-beating' evidence a "deliberate indifference" to the plaintiff's health and safety, in which, the plaintiff's federal constitutional rights to due-process was violated in the assault-beating committed upon the plaintiff 'at the hands of another prisoner'.

LEGAL CLAIM

A)      Plaintiff reallege and incorporate by reference Section 1-5.

B)      The defendants "actions" as well as "inactions" demonstrate a "deliberate indifference" toward plaintiff's health and safety and demonstrate a 'deliberate' and 'conscious' disregard for plaintiff's federal constitutional rights in accordance with both the Eighth and Fourteenth Amendment of the U.S. Constitution.

C)      The plaintiff has no plain, adequate or complete remedy at redress the wrongs described herein and seek redress from the violation of plaintiff's federal constitution rights. The plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory relief; compensatory relief; and punitive relief for which the plaintiff seek as well as any other relief for which the plaintiff seek and that for which the court deem appropriate.

PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this court enter judgment granting plaintiff:

1) A declaration that the acts and omissions described herein violated plaintiff's right under the Constitution and laws of the United States.

2) Compensatory damages in the amount of $500,000 against each defendant, jointly and severally.

3) Pain and suffering damages in the amount of $250,000 against each defendant, jointly and severally.

4) Mental Anguish damages in the amount of $250,000 against each defendant, jointly and severally.

5) Punitive damages in the amount of $100,000 against each defendant.

6) A jury trial on all issues triable by jury.

7) Plaintiff's cost in this suit.

8) Any additional relief this court deems just, proper, and equitable.

DATE: *February 12, 2015*

Respectfully,

*Clarence Jason*
Clarence Jason #111163
Dixon Correctional Institute
Unit 1, Dorm H
P.O. Box 788
Jackson, La 70748

## VERIFICATION

I Clarence Jason have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Jackson, Louisiana on this 12th day of  February , 2015.


_Clarence Jason_
Clarence Jason

Exhibit To:

'Administrative Remedy Proc.'

Administrative Remedy Grievance/Procedure (ARP)

To: Robert Tanner, Warden, Rayburn Correction Center And La. Dept.
of Public Safety and Correction.

From: Clarence Jason, #111163
      Sleet Unit - 4, Cell - 11

Date: September 2, 2014.

Re: 'Dereliction of Duty' and 'Creating An Unsafe Enviroment
detrimental to inmate health and life'.

### Issues Involving Complaint:

On August 27, 2014, inmate Clarence Jason, #111163, was attacked
from behind and brutally beaten by another inmate, Victor
Coopper, #433308, with the use of a 'swingblade' on Wind Unit
compound yard. This instrument ('swingblade') was issued to several
inmates on the unit compound by one: Bradley Pierce, Sgt.;
under the direction of Lt. Shane Ladner, Yard Supervisor; as
directed per orders of Major Kennedy, Unit Head; and approved
by one Robert Tanner, Warden, Rayburn Correction Center, an
entity of the La. Dept. of Public Safety and Correction.

### Synopsis Of Fact:

On August 27, 2014, inmate Clarence Jason was attacked from
behind by inmate Victor Coopper who possessed a 'swingblade'

issued to several inmates on Wind Unit by prison staff: Bradley Pierce, Sgt. While inmate Jason was standing on the yard (unarmed) observing inmates playing chess on a ping-pong table. Inmate V. Coopper, who had an argument (verbal) with inmate Jason earlier, left the same area only to return 30 to 35 minutes later armed with a 'swingblade'. Inmate Coopper struck inmate Jason several times in the back of the head with 'swingblade' resulting in a large "T"-shape laceratio in the back of inmate Jason's head. Inmate Coopper continue to beat inmate Jason in the back with 'swingblade' while inmate Jason was down on the ground thus causing several lacerations to inma Jason's back and shoulder. Inmate Jason was transported by ambulance to Our Lady of Angels Hospital in Bogalusa where he received SEVENTEEN (17) staples inserted into the back of inmate Jason's head. This assault was not witnessed by prison officials and would be discovered later by Lt. Shane Ladner who were making rounds on the unit yard where incident occurred and who discovered a large amount of blood on the ground and on ping-pong table and on the wall of Wind Unit-4.

## Dereliction Of Duty:

Prison officials at Rayburn Correction Center via Robert Tanner, Warden, and prison security 'did caused and deliberately created an atmosphere conducive to violence. leading to death or

(Page 2)

'great bodily harm' stemming from action involving issuance of 'swingblades' to inmates onto housing-unit compound without any presence of prison personnel accompanying said inmates  or foreseeing over the use of said 'swingblades' in order to prevent an assault or battery upon the person of another for which may result in the lost of life, limb, or great bodily harm.  The 'swingblades' issued to inmates by prison officials consist of : 'a long-sharp metal-blade supported by iron arm fixtures and affixed to a wooden stick appxr. 3 to 4 feet long and weighing between 10 to 15 lbs.  Prison officials 'should have known or reasonably knowns of the inherent danger associated with issuance of 'swingblades' to inmates unaccompanied by prison personnel.  This action effectively gives a green-light to such brutal assault and deadly attacks to be committed by those inmates possessing 'swingblades'.  Accordingly, it is clear that prison officials were 'derelict in their duty' and official capacity and is deemed accountable in the brutal assault beating made upon one: Clarence Jason by inmate Victor Coopper via the use of a 'swingblade'.  Furthermore, it is clear and undisputable that prison officials did cause 'an unsafe enviroment that was detrimental to the life and health' of one: Clarence Jason by their action consistent with issuing 'swingblades' to inmates on unit yard unaccompanied by prison security.

(Page 3)

## Relief Desired:

I, Clarence Jason, #111163, do seek relief in the foregoin request for administrative-remedy complaint in the following:

1) Five-Hundred Thousand dollars (*500,000) in punitive damages;

2) Five-Hundred Thousand Dollars (*500,000) in negligence damages;

3) Five-Hundred Thousand Dollars (*500,000) damages due to pain and sufferring;

4) Two-Hundred and Fifty Thousand Dollars (*250,000) damages due to mental anguish; And,

5) Five-Hundred Thousand Dollars (*500,000) damages for future medical expenses (cosmetic surgery) following release from D.O.C. custody.

Respectfully submitted,

s/

Clarence Jason, #111163

Sleet Unit-4, Cell-#11

(Page 4)

CASE NUMBER:  RCC-2014-479

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)


TO: Jason, Clarence 111163                    Wind 3
                                              Living Quarters



Response to request dated , received in this office on 09/02/2014

Your complaint has been reviewed and investigated.  As stated in your complaint, swing blades are issued
to offenders for the purpose of cutting the grass on the housing unit. This has been a practice for a number
of years. In addition to swing blades,  horse shoes, shovels, rakes, base ball bats, etc. are also issued to
offenders. The tool or sporting equipment is given to the offender and he has to turn in his identification
card to receive the equipment.  When the offender returns the item, his identification card is returned to
him.

Your claim of it being negligence on the part of the officers to issue out the swing blades without the
presence of prison personnel was found to be without merit.  Officers are assigned to work the gates and
the key officers and unit lieutenants make rounds on the yards.   We also have cameras to observe the
yards.  There was no evidence found to support your allegations.

No further relief is warranted for this complaint.  Your request for remedy has been denied.


Prepared by: _____


_____          _____
            9/22/14                                      Unit Head
            Date


Instructions to Offender:  If you are not satisfied with this response, you may go to Step Two by checking
below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of
this decision.

(✓) I am not satisfied with this response and wish to proceed to Step Two.

Reason:  I request that all evidence is preserved as well
as video footage of the yard area of Wind Unit be preserved
for civil litigation purpose.

_____10/10/14_____          _____Clarence Jasan_____
            Date                          Offender's Signature   DOC#

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: RCC-2014-479

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO:  Jason, Clarence   111163                              RCC
        Offender Name and Number                          Living Unit

Response to Request Dated 10/10/2014, Received in this Office on 10/24/2014:

Your request for an administrative review of ARP# RCC-2014-479 has been received.   A qualified
member of the Headquarters staff has reviewed your request in order to render a fair and impartial
response.

Your allegations have been considered.  It is with regret that you were involved with an altercation with
another offender.  As stated in the first step response and which is supported by the complete WUOR's, it
was unknown that you had any type of injury until security had observed blood around the area of the ping
pong table.  Once it was discovered by security staff that you were injured by another offender,
appropriate actions and proper procedures were followed.  The altercation had not been witnessed by
staff.  There is no evidence to substantiate your claim that your injuries occurred through the negligence of
the institution and/or its employees.  The response provided is clear and concise, as well as has
addressed your request appropriately.  We accept staff's position on the matter and find no need for
additional investigation.

Your request for relief is denied.

01/08/15
_____                    _____
                 Date                                Secretary's Signature or His Designee



Clarence Jaxson, # 111163
Dixon Correction Institute
Unit-1, Dorm "H"
P.O. Box #788
Jackson, La. 70748

For Domestic Use Only

Label 107R, July 2013

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL
★ TRACKED ★ INSURED



9114 9012 3080 3727 3852 69

UNITED STATES POSTAL SERVICE®
USPS TRACKING #

Label 400  Jan. 2013
7690-16-000-7948

Clerk of Court
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, La. 70130

US POSTAGE≫PITNEY BOWES
ZIP 70748
02 1W
0001359897FEB 13 2015
$ 005.95⁰