UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLARENCE JOSEPH JASON                    CIVIL ACTION

VERSUS                                   NUMBER: 15-0607

JAMES LEBLANC, ET AL.                    SECTION: "E"(5)

## REPORT AND RECOMMENDATION

Presently before the Court in this prisoner 42 U.S.C. §1983 proceeding is the combined Rule 12(b)(1) motion to dismiss and motion for *Schultea*[1] reply of Defendants, James LeBlanc, Secretary of the Louisiana Department of Corrections ("DOC"); Robert Tanner, former Warden of the Rayburn Correctional Center ("RCC"); Lieutenant Shane Ladner of RCC; Sergeant Bradley Pierce of RCC; and, "John Doe," an unidentified Correctional Officer at RCC.  Plaintiff has filed no memorandum in opposition to Defendants' motion, timely or otherwise.[2]  For the reasons that follow, it is recommended that Defendants' motion be granted.

Plaintiff, Clarence Joseph Jason, is an inmate of the Dixon Correctional Institute ("DCI") in Jackson, Louisiana, who was confined at RCC prior to filing this lawsuit.  In his complaint, Plaintiff complains of an incident that occurred at RCC on August 27, 2014 in which he suffered injuries at the hands of another inmate who was armed with a garden

---

[1]  *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)(*en banc*).

[2]  As Plaintiff has filed no memorandum in response to Defendants' motion, timely or otherwise, the Court may properly assume that he has no opposition to it.  *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same).

tool that is referred to as a "swing blade."  (Rec. doc. 1).  By way of a recently-filed amendment, Plaintiff charges LeBlanc and Tanner with being "'derelict in their duty' to adequately train prison officials in the distribution of swingblades and [in the ] supervision of inmates['] use of swingblades."  (Rec. doc. 22, pp. 1-2).  Plaintiff seeks declaratory relief as well as compensatory and punitive damages.  (*Id.* at pp. 7, 13-14).

Citing Rule 12(b)(1), Fed. R. Civ. P., the Defendants now move for the dismissal of the claims made against them in their official capacity based on the sovereign immunity that they enjoy.  In light of their invocation of qualified immunity, the Defendants also request that Plaintiff be ordered to file a Rule 7(a) *Schultea* reply with respect to Plaintiff's claims against them in their individual capacity.

It is axiomatic that the Eleventh Amendment bars citizens' suits in federal court against states, their alter egos, and state officials acting in their official capacity.[3] *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999)(citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)).  "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."  *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Kervin v. City of New Orleans*, No. 06-CV-3231, 2006 WL 2849861 at *2-4 (E.D. La. Sept. 28, 2006).  In light of these authorities, it will be recommended that Defendants' motion be granted and that Plaintiff's claims against the Defendants in their official capacity be dismissed without prejudice for want of jurisdiction.

---

[3]  In addition, neither states, their departments, nor their officials acting in their official capacity are considered to be "persons" within the meaning of §1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).

By way of their present motion, the Defendants also argue that Plaintiff lacks standing to sue for injunctive relief regarding the practice of issuing swing blades to inmates at RCC as he is no longer housed at that facility.  (Rec. doc. 23-1, pp. 4-6).  Although Plaintiff's complaint does contain language which is similar to that found in Rule 65, Fed. R. Civ. P., (*e.g.*, "... irreparably injured ..."), he does not specifically seek an injunction or injunctive relief.  Indeed, within two separate paragraphs of his complaint, Plaintiff quite clearly states that he is seeking only "declaratory relief," "compensatory relief," and "punitive relief."  (Rec. doc. 1, pp. 7, 13).  In his formal prayer for relief, Plaintiff requests a "declaration" that the Defendants violated his constitutional rights as well as "compensatory," "pain and suffering," "mental anguish," and "punitive" damages.  (*Id.* at p. 14).  In any event, because Plaintiff is no longer housed at RCC, neither injunctive nor declaratory relief is available to him with respect to the conditions at RCC.  *Burge v. Dunn*, 68 F.3d 465 (5th Cir. 1995)(citing *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990)).  Accordingly, it will also be recommended that Plaintiff's request for declaratory relief be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact.  *Burge, supra*.

Finally, in light of their invocation of qualified immunity, the Defendants seek an order from the Court directing Plaintiff to file a Rule 7(a) *Schultea* reply which fairly engages the qualified immunity defense.  Defendants' request being well-founded, *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996), a separate order to that effect will be issued.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendants' Rule 12(b)(1) motion be granted and that Plaintiff's claims against the Defendants in their official capacity be dismissed without prejudice for want of jurisdiction.

It is further recommended that Plaintiff's request for declaratory relief be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this _____5th_____ day of _____August_____, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE